# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBUS MEDICAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE SPINE, INC.,<br><br>    Defendant. | Case No. 1:21-cv-01445-JPM |

## SCHEDULING ORDER

This is an action under United States patent law, 35 U.S.C. § 271 *et seq*. Plaintiff alleges that Defendant's PROLIFT spinal implants infringe its patents. Plaintiff asserts infringement of seven patents. Plaintiff alleges direct infringement, induced infringement, and willful infringement. Plaintiff seeks a permanent injunction, compensatory damages, enhanced damages for willful infringement, and attorney fees.

This Cause was before the Court on March 17, 2022, for a Telephonic Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16.1 and 16.2 (differentiated case management). Counsel present for Plaintiff Globus Medical, Inc. were Eve Ormerod, Mark Hatch-Miller, and Geng Chen. Jay Jani was also present as general counsel for the Plaintiff. Counsel present for Defendant Life Spine, Inc. were Jennifer Ying, Dave Nelson, Brianne Straka, and Rajat Khanna. Also present was Heather Glaser, corporate representative for Defendant. The transcript of the Rule 16(b) conference establishes a number of undisputed facts, as well as documents to be produced and witness identities, plus the scope of Rule 26(a)(1) disclosures required.

At the Telephonic Scheduling Conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:
    **Identification by Plaintiff of Additional Accused Products and Asserted Patents for Phase 2 Initial Disclosures**: March 25, 2022
    **Phase 1 Initial Disclosures**: April 7, 2022
    **Phase 2 Initial Disclosures (Including Disclosures for Additional Accused Products as well as All Additional Rule 26(a)(1) Data and Materials)**: April 21, 2022

**PROPOSED PROTECTIVE ORDER**: April 1, 2022

1

**INITIAL INFRINGEMENT CONTENTIONS**: May 6, 2022

**MOTIONS TO JOIN PARTIES**: May 16, 2022 (not anticipated; correct Defendant is before the Court)

**MOTIONS TO AMEND PLEADINGS**: May 16, 2022 (may seek leave to amend to add additional patents and products)

**INITIAL INVALIDITY AND UNENFORCEABILITY CONTENTIONS**: July 8, 2022

**PRELIMINARY IDENTIFICATION OF CLAIM TERMS TO BE CONSTRUED**: July 15, 2022

**FINAL IDENTIFICATION OF CLAIM TERMS TO BE CONSTRUED**: July 22, 2022

**PRELIMINARY CLAIM CONSTRUCTIONS AND SUPPORTING MATERIALS**: August 5, 2022

**INITIAL EXPERT CLAIM CONSTRUCTION REPORTS**: August 19, 2022

**REBUTTAL EXPERT CLAIM CONSTRUCTION REPORTS**: September 1, 2022

**COMPLETION OF EXPERT CLAIM CONSTRUCTION DISCOVERY**: September 16, 2022

**EXCHANGE FINAL CLAIM CONSTRUCTIONS**: September 23, 2022

**OPENING CLAIM CONSTRUCTION BRIEFS**: October 7, 2022

**RESPONSIVE CLAIM CONSTRUCTION BRIEFS**: November 11, 2022

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**: November 18, 2022

**ALTERNATIVE DISPUTE RESOLUTION (not required)**: TBD

**CLAIM CONSTRUCTION HEARING AND TECHNOLOGY TUTORIAL**: December 16, 2022

**OTHER RELEVANT MATTERS**:

      The parties are attempting to negotiate an electronic discovery plan. Absent agreement by the parties, the Delaware Default Standard for Discovery, including Discovery of Electronically Stored Information will apply.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

Pursuant to Local Rule 7.1.2, all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.1.1, the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**SO ORDERED**, this 24th day of March, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE