# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBUS MEDICAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIFE SPINE, INC., <br><br> Defendant. | C.A. No. 21-1445 (JPM) <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF GLOBUS MEDICAL, INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

OF COUNSEL:

Arun S. Subramanian
Jacob Buchdahl
Mark Hatch-Miller
Geng Chen
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
(212) 336-8330
asubramanian@susmangodfrey.com
jbuchdahl@susmangodfrey.com
mhatch-miller@susmangodfrey.com
gchen@susmangodfrey.com

John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
(713) 653-7859
jlahad@susmangodfrey.com

Dated: February 27, 2023

WEIR GREENBLATT PIERCE LLP
Jeffrey S. Cianciulli (No. 4369)
824 Market Street Mall, Suite 800
Wilmington, DE 19801
(302) 652-8181
jcianciulli@wgpllp.com

*Attorneys for Plaintiff Globus Medical, Inc.*

**TABLE OF CONTENTS**

Page

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT .............................................................................................1

STATEMENT OF FACTS ....................................................................................................3

ARGUMENT ..........................................................................................................................3

      I.      Legal Standard ..................................................................................................3

      II.     Life Spine's Sixth and Ninth Affirmative Defenses Are Clearly Deficient............................................................................................................4

            A.     Life Spine's Sixth Affirmative Defense Is Clearly Deficient ...............5

            B.     Life Spine's Ninth Affirmative Defense of License and Implied License Is Clearly Deficient.................................................................8

      III.    The Court Should Strike Life Spine's Defenses to Avoid Prejudice to Globus ...............................................................................................................11

CONCLUSION ....................................................................................................................12

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Analog Devices, Inc. v. Xilinx, Inc.*,
   No. 19-CV-2225-RGA, 2021 WL 466859 (D. Del. Feb. 9, 2021) ...........................................2

*Bench Walk Lighting LLC v. Everlight Elecs. Co.*,
   No. 20-CV-49-RGA, 2020 WL 5128086 (D. Del. Aug. 31, 2020) ................................5, 6, 11

*Cephalon, Inc. v. Slayback Pharma Ltd. Liab. Co.*,
   No. CV 17-1154-CFC, 2019 WL 3497105 (D. Del. Aug. 1, 2019) .........................................6

*Endo Pharms. Inc. v. Amneal Pharms., LLC*,
   224 F. Supp. 3d 368 (D. Del. 2016).........................................................................................8

*Heller Fin., Inc. v. Midwhey Powder Co.*,
   883 F.2d 1286 (7th Cir. 1989) .................................................................................................4

*Sonos, Inc. v. D&M Holdings Inc.*,
   No. CV 14-1330-RGA-MPT, 2016 WL 4249493 (D. Del. Aug. 10, 2016) .................... passim

*Sun Microsystems, Inc. v. Versata Enterprises, Inc.*
   630 F. Supp. 2d 395 (D. Del. 2009)................................................................................ passim

*Symbol Techs., Inc. v. Aruba Networks, Inc.*,
   609 F. Supp. 2d 353 (D. Del. 2009).........................................................................................5

*Tenneco Auto. Operating Co. v. Visteon Corp.*,
   375 F. Supp. 2d 375 (D. Del. 2005).........................................................................................9

*Wang Lab'ys v. Mitsubishi Elecs. Am.*,
   103 F.3d 1571 (Fed. Cir. 1997)..............................................................................................10

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................5, 6, 11

Fed. R. Civ. P. 12(b)(6)........................................................................................................1

Fed. R. Civ. P. 12(c) ............................................................................................................6

Fed. R. Civ. P. 12(f).................................................................................................... passim

## NATURE AND STAGE OF PROCEEDINGS

On May 10, 2022, Plaintiff Globus Medical, Inc. ("Globus") filed a Second Amended Complaint ("SAC") alleging infringement of a patent pertaining to intervertebral spacers and vertebral anchors by Defendant Life Spine, Inc.'s ("Life Spine") Dyna-Link Titanium product with barb fixation, D.I. 42, and reiterating allegations of infringement of seven patents pertaining to expandable spinal implants previously asserted in Globus's original Complaint, D.I. 1, and Amended Complaint, D.I. 15, by Life Spine's PROLIFT products.[1] On May 31, 2022, Life Spine filed a partial Rule 12(b)(6) motion to dismiss Globus's claims for induced and willful infringement, D.I. 45, which the Court denied on January 20, 2023, D.I. 90. On February 6, 2023, Life Spine filed an Answer, Defenses, and Counterclaims to Globus's Second Amended Complaint for Patent Infringement ("Answer"), pleading twelve affirmative defenses. D.I. 93. Globus now moves under Rule 12(f) to strike Life Spine's defenses of equitable estoppel, waiver, and unclean hands (Sixth Affirmative Defense), and its defenses of license and implied license (Ninth Affirmative Defense).

## SUMMARY OF ARGUMENT

In its Answer, Life Spine takes a "kitchen sink" approach to pleading affirmative defenses, notwithstanding its obligation to provide more than "mere 'bare bones conclusory allegations.'" *Sun Microsystems, Inc. v. Versata Enterprises*, Inc., 630 F. Supp. 2d 395, 402 (D. Del. 2009) (quoting *Cintron Beverage Grp., LLC v. Depersia*, No. CIV. A. 07-3043, 2008 WL 1776430, at *2 (E.D. Pa. Apr. 15, 2008)) (noting that courts are not required to accept clearly

---

[1] The seven previously Asserted Patents are U.S. Patent No. 8,845,731 (the "'731 Patent"), U.S. Patent No. 8,845,732 (the "'732 Patent"), U.S. Patent No. 9,402,739 (the "'739 Patent"), U.S. Patent No. 9,956,087 (the "'087 Patent"), U.S. Patent No. 10,137,001 (the "'001 Patent"), U.S. Patent No. 10,925,752 (the "'752 Patent"), and U.S. Patent No. 10,973,649 (the "'649 Patent"). The additional Asserted Patent in the Second Amended Complaint is U.S. Patent No. 11,065,128 (the "'128 Patent").

deficient defenses and granting motion to strike affirmative defenses of equitable estoppel, laches, waiver, and implied license). Life Spine's Sixth Affirmative Defense simply states that "Plaintiff's claims for relief are barred or otherwise limited in whole or in part by the equitable doctrines of estoppel, waiver, and/or unclean hands and render the Asserted Patents unenforceable." D.I. 93 at 23. Its Ninth Affirmative Defense is similarly conclusory: "Globus's claims are barred, in whole or in part, by the doctrines of license, implied license, and/or exhaustion. For example, Globus's claims are barred to the extent that their allegations rely on the operation of any licensed product or service." *Id.* at 24.

Courts in this District regularly strike plainly insufficient defenses under Federal Rule of Civil Procedure 12(f) in order to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sun Microsystems*, 630 F. Supp. 2d at 402 (quoting *McInernery v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). Moreover, equitable defenses like estoppel and unclean hands must be pleaded with particularity under Rule 9(b). *Sonos, Inc. v. D&M Holdings Inc.*, No. CV 14-1330-RGA-MPT, 2016 WL 4249493, at *5 (D. Del. Aug. 10, 2016), *report and recommendation adopted*, No. CV 14-1330-RGA, 2016 WL 4581078 (D. Del. Sept. 1, 2016). Life Spine's cookie cutter pleading fails to meet these standards, and in some instances, its defenses are additionally foreclosed by factual averments elsewhere in the Answer. Paring down Life Spine's defenses to exclude those with no factual basis in the pleadings and which serve no purpose in this litigation other than to distract from the relevant issues is entirely consistent with the purpose of Rule 12(f). Accordingly,

Globus moves to strike Life Spine's defenses of equitable estoppel, waiver, unclean hands, license, and implied license.[2]

## STATEMENT OF FACTS

Globus is a leading manufacturer of spinal implants, including expandable implants. D.I. 42 ¶¶ 7-8. Its first expandable intervertebral implant was launched in 2011; since then, it has continued to innovate in this space through its RISE and ELSA product families. *Id.* ¶¶ 10-12. Globus has also released a number of non-expandable intervertebral spacer systems with curved fasteners, an improvement upon the traditional method for fixing spacers with linear screws. *Id.* ¶¶ 13-14. These innovative products were developed in-house by Globus. *Id.* ¶ 14. Each of the eight Asserted Patents is associated with one or more Globus products. *Id.* ¶ 31.

Life Spine launched its first expandable implant, PROLIFT, in 2016—four years after Globus first entered this space. *Id.* ¶ 34. Life Spine has admitted that it not only studied competitor *products* in the market when initially designing PROLIFT, but it also specifically studied expandable implant *patents* and copied the "functions and features" found in existing products as disclosed in their corresponding patents. *Id.* ¶ 35. Globus contends that Life Spine has willfully infringed the Asserted Patents through various products in its PROLIFT line, as well as its recently released Dyna-Link Titanium product with barb fixation.

## ARGUMENT

**I.   Legal Standard**

Federal Rule of Civil Procedure 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

---

[2] With respect to Life Spine's Ninth Affirmative Defense, this motion applies only to Life Spine's license and implied license defenses. It does not apply to Life Spine's exhaustion defense.

3

Civ. P. 12(f). Although Rule 12(f) motions are "generally disfavored," courts in this District grant motions to strike affirmative defenses where the insufficiency is "clearly apparent." *Sun Microsystems*, 630 F. Supp. 2d at 402 (granting motion to strike affirmative defenses of equitable estoppel, laches, waiver, and implied license); *see also, e.g.*, *Analog Devices, Inc. v. Xilinx, Inc.*, No. 19-CV-2225-RGA, 2021 WL 466859, at *1 (D. Del. Feb. 9, 2021) (granting motion to strike affirmative defense of inequitable conduct); *Sonos*, 2016 WL 4249493, at *2 (recommending striking defenses of equitable estoppel, unclean hands, waiver, acquiescence, patent misuse, and prosecution laches). Indeed, "a court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and may strike such inadequately pleaded defenses." *Sun Microsystems*, 630 F. Supp. 2d at 408 (quoting *Cintron*, 2008 WL 1776430, at *2).

Furthermore, although "[m]options to strike under Rule 12(f) 'should not be granted unless the presence of the surplusage will prejudice the adverse party,'" *Sonos*, 2016 WL 4249493, at *2, such prejudice arises if that party is required to litigate insufficiently pleaded defenses, *see Sun Microsystems*, 630 F. Supp. 2d at 408 (noting that "striking 'bare ones conclusory allegations' expedites litigation"). As "[m]otions to strike serve 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters,'" they have been granted when the defenses in question are clearly deficient. *Id.* at 402 (quoting *McInernery*, 244 F. Supp. 2d at 402).

II. **Life Spine's Sixth and Ninth Affirmative Defenses Are Clearly Deficient**

Life Spine's Sixth and Ninth Affirmative Defenses, reproduced below in their entirety, are nothing more than conclusory assertions devoid of a single supporting factual allegation. *See Sonos*, 2016 WL 4249493, at *2 ("A defense may be deemed meritless because it is simply a conclusory allegation which fails to provide an appropriate statement of facts or to allege the

4

necessary elements of the claims." (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989))). These defenses are pleaded as follows:

### SIXTH DEFENSE
### (Equitable Estoppel, Waiver and Unclean Hands)

Plaintiff's claims for relief are barred or otherwise limited in whole or in part by the equitable doctrines of estoppel, waiver, and/or unclean hands and render the Asserted Patents unenforceable.

### NINTH DEFENSE
### (License, Implied License, Exhaustion)

Globus's claims are barred, in whole or in part, by the doctrines of license, implied license, and/or exhaustion. For example, Globus's claims are barred to the extent that their allegations rely on the operation of any licensed product or service.

D.I. 93 at 23, 24. Although the insufficiency of these defenses is apparent from their face, *see Heller*, 883 F.2d at 1294, they are also consistent with the deficient pleadings that other courts in this District have struck under Rule 12(f).

    A.    **Life Spine's Sixth Affirmative Defense Is Clearly Deficient**

The Sixth Affirmative Defense pleads equitable estoppel, waiver, and unclean hands. These equitable doctrines operate to bar the patentee from enforcing its patent because its own conduct was misleading or otherwise inequitable. Life Spine's Answer does not contain even a hint of the alleged conduct or statements would subject Globus to these defenses.

First, equitable estoppel requires (1) "misleading words, conduct or silence" from Globus leading Life Spine to infer that Globus did not intend to enforce the Asserted Patents against Life

5

Spine; (2) reliance by Life Spine; and (3) material prejudice to Life Spine as a result. *Sun Microsystems*, 630 F. 2d at 409; *see also Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 356 (D. Del. 2009) (noting that estoppel cannot arise from silence absent a "clear duty to speak" or circumstances in which "the patentee's continued silence reenforces the defendant's inference from the plaintiff's known acquiescence that the defendant will be unmolested"). As this defense requires fraud or mistake, the circumstances constituting such fraud or mistake must be pleaded with particularity. Fed. R. Civ. P. 9(b). No such circumstances appear anywhere in Life Spine's Answer.

The court in *Sonos, Inc. v. D&M Holdings Inc.* struck an equitable estoppel defense almost identical to Life Spine's for failure to meet the Rule 9(b) standard. *Compare* D.I. 93 at 24 ("Plaintiff's claims for relief are barred or otherwise limited in whole or in part by the equitable doctrines of estoppel . . . ."), *with Sonos*, 2016 WL 4249493, at *5 (striking defense based solely on conclusory allegation that "[Plaintiff] is barred in whole or in part by the doctrine of equitable estoppel"); *see also Bench Walk Lighting LLC v. Everlight Elecs. Co.*, No. 20-CV-49-RGA, 2020 WL 5128086, at *1 (D. Del. Aug. 31, 2020) (striking estoppel defense "which must be plead with particularity" as the defendant had "not pled sufficient (or, indeed, any) facts to support" it); *Sun Microsystems*, 630 F. Supp. 2d at 409 (holding defense to be "clearly insufficient" as the defendant's pleading gave the plaintiff "no notice as to exactly what 'misleading, deceptive, or unlawful conduct' supports a finding of equitable estoppel").

Furthermore, beyond the insufficiency of its pleading, this defense—which requires Life Spine to reasonably believe that Globus did not intend to enforce the Asserted Patents against Life Spine—is irreconcilable with Life Spine's denial that it was aware of those same patents. The Second Amended Complaint alleges that "Life Spine is well aware of Globus, its products,

6

*and its patents.*" D.I. 42 ¶ 51 (emphasis added). In its Answer, Life Spine denies this allegation. D.I. 93 ¶ 51 ("To the extent the allegation [*sic*] of this paragraph purport to characterize the contents of a written document, that document speaks for itself. ***Life Spine otherwise denies the allegations of this paragraph.***" (emphasis added)).[3] To the extent Life Spine continues to deny that it had knowledge of Globus's patents, its equitable estoppel defense fails as a matter of law.

Second, Life Spine's unclean hands defense is similarly "bare bones" and "conclusory," and therefore deficient. To plead unclean hands, Life Spine must allege under Rule 9(b) that "(1) the party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to matter in issue (4) that injures other party (5) and affects balance of equities between litigants." *Sonos*, 2016 WL 4249493, at *5 (striking unclean hands defense as the defendant failed to plead sufficient facts with particularity); *see also Bench Walk*, 2020 WL 5128086, at *1 (same); *cf. Cephalon, Inc. v. Slayback Pharma Ltd. Liab. Co.*, No. CV 17-1154-CFC, 2019 WL 3497105, at *1 (D. Del. Aug. 1, 2019) (granting motion for judgment on the pleadings under Rule 12(c) as the defendant's "conclusory allegation that the '[asserted] patents are unenforceable for inequitable conduct and unclean hands' clearly fails to meet Rule 9(b)'s particularity requirement"). Life Spine fails to plead a single fact that would support any element of this defense. There is nothing in Life Spine's Answer suggesting any fraudulent or bad faith conduct by Globus, let alone conduct so inequitable as to extinguish Globus's right to enforce the Asserted Patents against Life Spine.

---

[3] Life Spine's statement concerning the contents of a written document refers to the other allegation contained in paragraph 51 of the Second Amended Complaint, in which Globus quoted from a court transcript containing testimony given by Life Spine's Corporate Compliance Officer and Manager of Contracting Operations: "Life Spine's management team considers Globus a 'direct competitor with Life Spine.'" D.I. 52 ¶ 51 (quoting Transcript of Preliminary Injunction Hearing at 941:12-16, *Life Spine, Inc. v. Aegis Spine, Inc.*, No. 19 CV 7092 (N.D. Ill. July 26, 2021), D.I. 283).

7

Third, Life Spine fails to plead any facts to support its affirmative defense of waiver, which requires "(1) an existing right; (2) knowledge of the right; (3) and an actual intention to relinquish the right." *Sonos*, 2016 WL 4249493, at *5. There is nothing in the Answer suggesting any intent on the part of Globus to relinquish its right to enforce the Asserted Patents against Life Spine. *See id.* (striking waiver defense based on failure to plead any facts to support this element); *see also Sun Microsystems*, 630 F.2d at 410 (same).

Because Life Spine's Sixth Affirmative Defense contains only "bare bones" and "conclusory" allegations, they are clearly insufficient, and the Court should grant Globus's motion to strike Life Spine's defenses of equitable estoppel, waiver, and unclean hands.

### B. Life Spine's Ninth Affirmative Defense of License and Implied License Is Clearly Deficient

Life Spine's license and implied license defenses, as stated in its Ninth Affirmative Defense, should be stricken. These defenses generally require some agreement by the patentee to permit others to practice the Asserted Patents, thus foreclosing a subsequent action for infringement. Life Spine's Answer does not allege that Globus has licensed the Asserted Patents or any other conduct by Globus permitting Life Spine to practice them. Other than identifying the defenses by name, Life Spine's sole assertion with respect to the Ninth Affirmative Defense is conclusory and applicable only "to the extent that [Globus's] allegations rely on the operation of any licensed product or service." D.I. 93 at 24. Globus is at a loss to understand the meaning of this statement, which, in any event, alleges no facts.

First, Life Spine's license defense fails as a matter of law because Life Spine does not plead that Globus has ever licensed the Asserted Patents, whether to Life Spine or any other entity. Nor does Life Spine plead that it has any license to the accused products whose scope *might* include the Asserted Patents. Moreover, Life Spine denies that it was aware of Globus, its

8

products, and its patents. *See supra* pp. 6-7 (comparing Globus's allegation of such awareness in the Second Amended Complaint with Life Spine's denial in its Answer). Life Spine cannot simultaneously deny that it was unaware of Globus's patents—including the Asserted Patents—while asserting in bare bones and conclusory terms that it nevertheless had an express license to practice Globus's patents. *See Sun Microsystems*, 630 F. Supp. 2d at 410 (denying motion to strike license defense where alleged infringer "pointed to a specific license, as well as a specific Sun technology and a specific claim of a Sun patent allegedly covered by that license").

Second, implied license arises in the "rare" circumstance where the court finds that the patentee has waived its right to exclude others from practicing the patented invention, even in the absence of an express license. *Endo Pharms. Inc. v. Amneal Pharms., LLC*, 224 F. Supp. 3d 368, 382 (D. Del. 2016) (quoting *Wang Lab'ys v. Mitsubishi Elecs. Am.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997)). An implied license can arise from "(1) equitable estoppel, (2) acquiescence, (3) conduct, or (4) legal estoppel." *Sun Microsystems*, 630 F.2d at 411. Life Spine has not alleged facts to support any of these four grounds for finding an implied license. *See id.* (granting motion to strike implied license defense).

Equitable estoppel, in this context, "generally requires . . . that 'the patentee objects to the infringer's activities, but the patentee does not seek relief under much later." *Id.* (quoting *Wang Lab'ys*, 103 F.3d at 1581). The Answer is entirely devoid of facts suggesting that Globus unreasonably delayed in bringing this action. *See id.* ("Versata has failed to adequately allege that Sun improperly delayed in seeking relief."). Indeed, with respect to the '128 Patent, the Second Amended Complaint alleges that Life Spine announced the accused product—Dyna-Link Titanium used with "barb fixation"— as "now . . . available" on March 14, 2022. D.I. 42 ¶ 45. After notifying Life Spine of its infringement of the '128 Patent on March 25, 2022, Globus

9

provided Life Spine with a draft of the Second Amended Complaint and an exemplary claim chart on April 26, 2022, before filing the Second Amended Complaint to add the '128 Patent to this action on May 10, 2022. *Id.* ¶ 85; *see also* D.I. 93 ¶ 85 (admitting receipt of Globus's notice and draft materials on March 25 and April 26, respectively). Life Spine's Answer lacks any factual support that would suggest an implied license due to equitable estoppel.

Implied license by acquiescence and implied license by conduct both require the patentee to have consented in some fashion to the alleged infringement. *See Sun Microsystems*, 630 F. Supp. 2d at 411 ("An implied license by acquiescence arises where 'a plaintiff was bound to know that the royalties it received were for devices corresponding to the patent in suit, [thus justifying] defendant . . . in concluding that plaintiff consented to the manufacture of the accused devices within the scope of the asserted patent." (quoting *AMP, Inc. v. United States*, 389 F.2d 488, 452 n.4 (Ct. Cl. 1968))); *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 375, 384 (D. Del. 2005) ("A defendant establishes a defense of implied license through conduct by showing that: (1) a relationship existed between plaintiff and defendant; (2) within that relationship, plaintiff granted defendant a right to use plaintiff's patents; (3) plaintiff received valuable consideration for the grant of right; (4) plaintiff's statements and conduct created the impression that plaintiff consented to defendant's use of plaintiff's patents; (5) plaintiff denied that defendant had an implied license." (citing *Wang Lab'ys*, 103 F.3d at 1579)). Life Spine's Answer pleads no facts to support any element of either type of implied license. It does not allege that Globus granted any rights to the Asserted Patents under any existing relationship with Life Spine, or that it consented, by acquiescence or by conduct, to Life Spine's infringement, or that Globus ever received in exchange any "royalties" or "valuable consideration."

For the same reason, the Answer contains no factual allegations that might support the fourth basis for finding an implied license—legal estoppel—which "refers to a narrower category of conduct encompassing scenarios where a patentee has licensed or assigned a right, received consideration, and then sought to derogate from the right granted." *Wang Lab'ys*, 103 F.3d at 1581 (describing example where "a patentee granted a license to, and received payment from, the United States for use of an 'idea' which later became the subject matter of its patent," but subsequently "discovered a preexisting patent covering an aspect of the invention," acquired that preexisting patent, and "sued the government for infringement").

As Life Spine's license and implied license defenses are clearly insufficient on their face, foreclosed by Life Spine's own Answer, or both, they should be struck under Rule 12(f).

### III. The Court Should Strike Life Spine's Defenses to Avoid Prejudice to Globus

Striking Life Spine's Sixth Affirmative Defense in its entirety and its Ninth Affirmative Defense with respect to license and implied license would avoid prejudicing Globus, who would otherwise be forced to litigate these clearly insufficient defenses. Life Spine pleaded twelve affirmative defenses, some of which invoke multiple legal doctrines. *See* D.I. 93 at 22-24 (asserting (1) failure to state a claim; (2) no infringement; (3) no willful infringement; (4) invalidity; (5) prosecution history estoppel; (6) equitable estoppel, waiver, and unclean hands; (7) notice, damages, and costs; (8) no immediate or irreparable harm; (9) license, implied license, and exhaustion; (10) acts of others; (11) ensnarement; and (12) lack of standing). Although all of these defenses are bare bones and conclusory, the instant motion is limited to those defenses that appear entirely divorced from the actual issues in this litigation and would require Globus to litigate issues not otherwise implicated. *See Sonos*, 2016 WL 429493 (noting that motions to strike "streamline litigation" and "avoid unnecessary forays into immaterial matters").

11

For example, Life Spine's failure to plead any facts to support its defenses of equitable estoppel, waiver, unclean hands, license, and implied license—at least two of which must be pleaded with particularity[4]—means that Globus may need to expend several of its twenty-five interrogatories to inquire about defenses that may well have no factual basis at all. Moreover, as several of these defenses turn on whether Globus engaged in certain conduct—none of which is described in Life Spine's Answer—and whether Life Spine reasonably inferred from that conduct that Globus would not enforce the Asserted Patents or had consented to their use, Globus may need to take depositions of witnesses that would otherwise be irrelevant. This prejudice to Globus differentiates these defenses from Life Spine's conclusory assertions of no infringement or invalidity, which implicate existing issues in the litigation.

## CONCLUSION

For the foregoing reasons, Globus's motion to strike under Rule 12(f) Life Spine's affirmative defenses of equitable estoppel, waiver, unclean hands, license, and implied license should be granted.

Dated:  February 27, 2023

|  |  |
|---|---|
|  | WEIR GREENBLATT PIERCE LLP |
| OF COUNSEL: | /s/ Jeffrey S. Cianciulli |
|  | Jeffrey S. Cianciulli (No. 4369) |
| Arun S. Subramanian | 824 Market Street Mall, Suite 800 |
| Jacob Buchdahl | Wilmington, DE 19801 |
| Mark Hatch-Miller | (302) 652-8181 |
| Geng Chen | jcianciulli@wgpllp.com |
| SUSMAN GODFREY L.L.P. |  |
| 1301 Avenue of the Americas, 32nd Fl. | *Attorneys for Plaintiff Globus Medical, Inc.* |
| New York, NY 10019 |  |
| (212) 336-8330 |  |
| asubramanian@susmangodfrey.com |  |
| jbuchdahl@susmangodfrey.com |  |

---

[4] *See Bench Walk*, 2020 WL 5128086, at *1 (noting that waiver, as well as estoppel and unclean hands, is subject to Rule 9(b)).

mhatch-miller@susmangodfrey.com
gchen@susmangodfrey.com

John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
(713) 653-7859
jlahad@susmangodfrey.com