# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**STANDING ORDER FOR SUMMARY
JUDGMENT PRACTICE IN PATENT
<u>CASES ASSIGNED TO JUDGE CONNOLLY</u>**

A wise judge who once sat on this Court was fond of saying that winning summary judgment in a patent case is like hitting a hole in one.[1]  The judge's point was that the complexity, voluminous record, competing expert testimony, and scorched-earth lawyering in the typical patent case make it almost inevitable that a disputed material fact will preclude summary judgment.

The former judge's observation about the slim chances for success in summary judgment motion practice is well-known among many if not most of the patent lawyers who regularly appear before this Court.  You might think that word of the judge's comments would have bred restraint in summary judgment practice in the patent cases we see, but the judge's observation—or at least the logic behind the observation—appears to have produced the opposite result.  Patent lawyers seem to have concluded that precisely because the probability of winning summary

---

[1] According to the Professional Golfers' Association of America, the odds of hitting a hole in one are 12,500 to 1.  *See* https://www.pga.com/story/odds-of-a-hole-in-one-albatross-condor-and-golfs-unlikely-shots.

judgment is so low, the solution is to file more motions to increase your odds of success. Six or more summary judgment motions in a patent case is not unusual.

The proliferation of meritless summary judgment motions in patent cases is substantially taxing the Court's—and litigants'—time and resources. Like Professor Miller, I find that

> the process of making, responding, and adjudicating the motion has become protracted, resource consumptive, and, when granted, vulnerable to reversal on appeal. One suspects that in many instances it might be more efficient to try the case, raising the question of what really motivates the widespread invocation of the motion.

Arthur R. Miller, *What Are Courts for? Have We Forsaken the Procedural Gold Standard?*, 78 La. L. Rev. 739, 771–72 (2018). *See also* Steven S. Gensler & Lee H. Rosenthal, *Managing Summary Judgment*, 43 Loy. U. Chi. L.J. 517, 521 (2012) ("Exhaustively prepared summary judgment motions that address every possible issue consume enormous resources—both from the parties and the court—and much of it is simply a waste of time, effort, and money."); Emery G. Lee III & Thomas Willging, Fed. Judicial Ctr., *Litigation Costs in Civil Cases: Multivariate Analysis Report to The Judicial Advisory Committee on Civil Rules*, 6, 8 (2010) (finding that, all other things being equal, summary judgment increased litigation costs by 24% for plaintiffs and 22% for defendants). The irony, of course, is that

summary judgment practice was implemented in the federal courts to increase efficiencies and conserve resources.  *See Zweig v. Hearst Corp.*, 521 F.2d 1129, 1135–36 (9th Cir. 1975) ("Summary judgment has, as one of its most important goals, the elimination of waste of the time and resources of both litigants and the courts[.]"), *abrogated on other grounds by Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564 (9th Cir. 1990).

Judges have long struggled to manage summary judgment practice.  Some judges have limited the number of motions that can be filed; others have required litigants to submit letters to request permission to file a summary judgment motion. I find neither of these restrictions very satisfying.  I don't favor placing a cap on the number of summary judgment motions in a case, as I remain of the view that a smartly-run summary judgment practice can avoid "unwarranted consumption of public and private resources," *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). And I find that the letters seeking permission to file a summary judgment motion are simply condensed summary judgment briefs that save neither time nor resources since they require the Court to address the merits of the requested motion.

My form scheduling order for patent cases allows a party to file as many summary judgment motions as it wishes.  But I limit the total number of words that

3

can be used in the briefing filed in support of the filed motion or motions. I also require the parties to file competing statements of facts to help me determine as a gatekeeping matter whether there is a disputed material fact. I had thought that these requirements would deter the filing of meritless summary judgment motions. I was wrong.

I have not given up hope, however, that an effectively managed summary judgment practice can bring about efficiencies and cost savings. To that end, and to further deter parties from filing meritless motions, I have decided to revise my summary judgment practice. For any summary judgment motion filed by a party after today, as a general rule, I will not review the motion if I have previously denied a summary judgment motion filed by that party in the case. While I may make an exception to the general rule (for example, if my decision to deny a previous motion had been a close call), exceptions will be rare. Thus, parties should presume that I will not consider a summary judgment motion if I have denied a previous summary judgment motion.

Now therefore, at Wilmington on this Thirtieth day of April in 2021, it is HEREBY ORDERED that effective immediately in all patent cases assigned to me:

1. A party that files more than one summary judgment motion shall number each motion to make clear the order the party wishes the Court to consider the motions in question.  The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on.

2. The Court will review the party's summary judgment motions in the order designated by the party.  If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any further summary judgment motions filed by the party.


_____
Colm F. Connolly
United States District Judge

# EXHIBIT 2

*February 2023*
**For Patent Cases**[1]

## SCHEDULING ORDER

This ____ day of _____, 20 _, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

2.    Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before _____, 20__.

3.    Discovery.

    a.    Discovery Cut Off.  All discovery in this case shall be initiated so that it will be completed on or before _____, 20__.

    b.    Document Production.  Document production shall be substantially complete by _____, 20__.

    c.    Requests for Admission.  A maximum of ___ requests for admission are permitted for each side.

---

[1] For ANDA cases, the form should be modified as necessary by, for example, deleting paragraphs 10 and 14 and modifying paragraph 15 to reflect a three-day bench trial with trial days from 8:30 to 5:00 (10 ½ hours per side).

      d.     <u>Interrogatories</u>.  A maximum of ___ interrogatories, including contention interrogatories, are permitted for each side.

      e.     <u>Depositions</u>.

      i.     <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of __ hours of taking testimony by deposition upon oral examination.

      ii.     <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      f.     <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.  Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition.  A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to

understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to

rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

g.    Miscellaneous Discovery Matters.

i.    The parties may, if they choose, agree to a timetable for initial patent disclosures either as set forth in the Delaware Default Standard for Discovery or as agreed to by the parties, and the parties should set forth any such agreement in the scheduling order.

ii.    The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff[2] should advise whether it expects to institute any further litigation in this or other Districts within the next year. Defendant should advise whether it expects to file one or more IPRs and, if so, when.

iii.    The parties, if they think it necessary, should set times in the schedule for reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations. The usual points where the Court will consider such limits are before claim construction and after a ruling on claim construction.

iv.    If one or more of the patents-in-suit have already been licensed or

---

[2] Plaintiff and Defendant refer to the party or parties asserting infringement and the party or parties accused of infringement. The parties should modify the language as necessary, for example, in a declaratory judgment action.

3

the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or

settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling

conference, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file

any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b)

scheduling conference.  Plaintiff shall represent in the scheduling order that it is complying or

has complied with this requirement.  All parties shall be prepared to discuss at the conference

what their preliminary views of damages are.

4.      <u>Application to Court for Protective Order</u>.  Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within ten days from the date of this

Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel

must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>.  By entering this order and limiting the
disclosure of information in this case, the Court does not intend to
preclude another court from finding that information may be
relevant and subject to disclosure in another case.  Any person or
party subject to this order who becomes subject to a motion to
disclose another party's information designated as confidential
pursuant to this order shall promptly notify that party of the motion
so that the party may have an opportunity to appear and be heard
on whether that information should be disclosed.

5.      <u>Papers Filed Under Seal</u>.  When filing papers under seal, a redacted version of any

sealed document shall be filed electronically within seven days of the filing of the sealed

document.

6.    Claim Construction Issue Identification.  On or before _____, 20__, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s)[3].  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than _____, 20__.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

7.    Claim Construction Briefing[4].  Plaintiff shall serve, but not file, its opening brief,

---

[3]  If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is.  If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

[4]  As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means.  These verifications should not be provided to the Court unless a dispute arises about them.  Pictures, Figures copied from the patent, and other illustrations do not count against the word limit.  Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized.  Should Defendant want to add additional representative claims, Defendant may do so.  The representative claims and the agreed-upon claim constructions do not count against the word limits.

not to exceed 5,000 words, on _____. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on _____. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on _____. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on _____. No later than _____, the parties shall file a Joint Claim Construction Brief. The parties shall copy and past their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.      Representative Claims

II.     Agreed-upon Constructions

III.    Disputed Constructions

A.      [TERM 1][5]

1.      Plaintiff's Opening Position
2.      Defendant's Answering Position
3.      Plaintiff's Reply Position
4.      Defendant's Sur-Reply Position

B.      [TERM 2]
        1.      Plaintiff's Opening Position
        2.      Defendant's Answering Position
        3.      Plaintiff's Reply Position
        4.      Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

---

[5] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

6

8.      <u>Hearing on Claim Construction</u>.  Beginning at _____ a.m. on _____, 20__, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.  When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

9.      <u>Disclosure of Expert Testimony</u>.

a.      <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before _____, 20__.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before _____, 20__.  Reply expert reports from the party with the initial burden of proof are due on or before _____, 20__.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report.  The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and

times of their experts' availability for deposition.  Depositions of experts shall be completed on or before _____, 20__.

       b.    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    10.    <u>Case Dispositive Motions</u>.  All case dispositive motions shall be served and filed on or before _____, 20__.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.  Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

    11.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    12.    <u>Pretrial Conference</u>.  On _____, 20 __, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at _____ a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13.    <u>Motions <i>in Limine</i></u>.  Motions <i>in limine</i> shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion <i>in limine</i> shall be filed in one filing separate from the motion <i>in limine</i>.  Each party shall be limited to three <i>in limine</i> requests, unless otherwise permitted by the Court.  The <i>in limine</i> request and any response shall contain the authorities relied upon; each <i>in limine</i> request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the <i>in limine</i> request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an <i>in limine</i> request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on <i>in limine</i> requests, unless otherwise permitted by the Court.

14.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference.   Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

15.    <u>Trial</u>.  This matter is scheduled for a five (5) day[6] jury trial beginning at 9:30 a.m.

---

[6] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial.  If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference.  A final decision on the

on _____, 20__, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16.    <u>Discovery Referral</u>. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.  (This referral is optional, and should be deleted unless all parties agree to it.)

17.    <u>Mediation (for use in non-ANDA patent cases)</u>.  The Parties are required to engage in good faith in an in-person mediation.  They are to hire a jointly agreed-upon mediator.  The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference.  The Parties are required to submit a joint statement no later than one week before the pretrial conference.  The joint statement is to included the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith.  If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise.  The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

_____

UNITED STATES DISTRICT JUDGE

---

precise length of trial will not be made before the final pretrial conference.

*Revised April 18, 2022*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

PLAINTIFF,                          :
                                    :
            Plaintiff,              :
                                    :
      v.                            :        Civil Action No. [        ]
                                    :
DEFENDANT,                          :
                                    :
            Defendant.              :

## FORM SCHEDULING ORDER FOR NON-HATCH-WAXMAN PATENT CASES IN WHICH INFRINGEMENT IS ALLEGED

This __ day of _____, 20__, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1.    <u>Relevant Deadlines and Dates</u>.  All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

2.    <u>Rule 26(a)(1) Initial Disclosures</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

3.    <u>Disclosure of Asserted Claims and Infringement Contentions</u>.  Unless otherwise agreed to by the parties, no later than 30 days after the date of this Order, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions."  Separately for each opposing party, the Disclosure of Asserted Claims and Infringement Contentions shall contain the following information:

(a)    Each claim of each asserted patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(b)    Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus shall be identified by name or model number, if known.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

(c)    A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35

2

U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)    For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

(e)    Whether each limitation of each asserted claim is alleged to be present in the Accused Instrumentality literally or under the doctrine of equivalents;

(f)    For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

(g)    If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim ("Embodying Instrumentality");

3

(h)    The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i)    If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

4.    <u>Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions</u>.  With the Disclosure of Asserted Claims and Infringement Contentions, the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

(a)    Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or each sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

(b)    All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(f) of this Order, whichever is earlier;

(c)    A copy of the file history for each asserted patent;

4

(d)    All documents evidencing ownership of the patent rights by the party asserting patent infringement;

(e)    If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

(f)    All agreements, including licenses, transferring an interest in any asserted patent;

(g)    All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(h)    All agreements that otherwise may be used to support the party asserting infringement's damages case;

(i)    If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such Embodying Instrumentalities; and if the party wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such Embodying Instrumentalities; and

(j)    All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

5

The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph. A party's production of a document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5.    <u>Invalidity Contentions</u>. Unless otherwise agreed to by the parties, no later than 45 days after service upon it of the Disclosure of Asserted Claims and Infringement Contentions, each party opposing a claim of patent infringement shall serve on all parties its "Invalidity Contentions," which shall contain the following information:

(a)    The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person(s) or entity(ies) that made the use or made and received the offer, or the person(s) or entity(ies) that made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name

6

of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)      Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c)      A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including, for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d)      Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

7

6.    <u>Document Production Accompanying Invalidity Contentions</u>.  With the Invalidity Contentions, the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

(a)    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order;

(b)    A copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

(c)    All agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(d)    Documents sufficient to show the sales, revenue, cost, and profits for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement; and

(e)    All agreements that may be used to support the damages case of the party opposing infringement.

The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph.

7.    <u>Amendment to Contentions</u>.  Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions.  The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions.

8.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before _____.

9.    <u>Discovery</u>.

(a)    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before _____.

(b)    <u>Document Production</u>.  Document production shall be completed on or before _____.

9

(c)    <u>Requests for Admission</u>.  A maximum of __ requests for admission is permitted for each side.

(d)    <u>Interrogatories</u>.  A maximum of __ interrogatories, including contention interrogatories, is permitted for each side.

(e)    <u>Depositions</u>.

    (1)    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of ___ hours of taking testimony by deposition upon oral examination.

    (2)    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

10.    <u>Pinpoint Citations</u>.  Pinpoint citations are required in all briefing, letters, and concise statements of facts.  The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint

10

citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

11.    <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.    <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find that they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

11

(a)    Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies with specificity the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b)    By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c)    Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). The hard copies shall comply with paragraphs 10 and 14 of this Order.

(d)    If a motion concerning a discovery matter or protective order is filed without leave of the Court and does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the

12

moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

13.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14.    <u>Hard Copies</u>.  The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 12 of this Order, all briefs, and any other documents filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 20 of this Order, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.

(a)    <u>Exhibits and Attachments</u>.  **<u>Each</u> <u>exhibit and attachment to a letter, brief, or pretrial order shall be separated by a tab</u>**.  (Accordingly, each brief filed in connection with a motion *in limine* in a pretrial order must be separated by a tab.)  Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number.  The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment.  The parties should highlight the text of exhibits and attachments they wish the Court to read.  The parties are encouraged to include in an exhibit or attachment only

13

the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

    (b)   <u>Colors of Front Covers</u>.  The covers of briefs filed in connection with all motions except for motions *in limine* included in a pretrial order shall be as follows:

    (1)   Opening brief – Blue

    (2)   Answering brief – Red

    (3)   Reply brief – Gray

15.    <u>Claim Construction Issue Identification</u>.  On or before _____, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction(s) of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than _____.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed

14

construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text-searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [  ])."

16.    Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on _____. The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on _____. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on _____. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on _____. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the

15

certification may rely on the word count of the word-processing system used to prepare the brief.

No later than _____ [four weeks before the claim construction hearing], the parties shall file a Joint Claim Construction Brief. (Should the parties later stipulate or otherwise request to have this deadline extended, the parties will presumptively lose their claim construction hearing date upon the Court's granting the extension.) The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.   Disputed Constructions

    A.    [TERM 1]

        1.    Plaintiff's Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiff's Reply Position
        4.    Defendant's Sur-Reply Position

    B.    [TERM 2]

        1.    Plaintiff's Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiff's Reply Position
        4.    Defendant's Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.  Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief.  Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence.  *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996).  Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph.  The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

17.    Meet and Confer Confirmation and Amended Claim Chart.  On or before _____ [no earlier than three weeks before the claim construction hearing and no later than two weeks before the claim construction hearing], Delaware and lead counsel for the parties shall meet and confer and thereafter file an Amended Joint Claim Construction Chart that sets forth the terms that remain in dispute.  During the meet and confer, the parties shall attempt to reach agreement on any disputed terms where possible and to narrow the issues related to the remaining disputed terms.  The parties shall file with the Amended Joint Claim

17

Construction Chart a letter that identifies by name each individual who participated in the meet and confer, when and how (i.e., by telephone or in person) the meet and confer occurred, and how long it lasted.  If no agreements on constructions have been reached or if no dispute has been narrowed as a result of the meet and confer, the letter shall so state, and the parties need not file an Amended Joint Claim Construction Chart.

18.    <u>Hearing on Claim Construction</u>.  Beginning at _____ _.m. on _____, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

19.    <u>Disclosure of Expert Testimony</u>.

(a)    <u>Expert Reports</u>.  For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before _____.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before _____.  Reply expert reports from the party with the initial burden of proof are due on or before _____.  No other expert reports will be permitted without

18

either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before _____.

(b)    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

20.    <u>Case Dispositive and *Daubert* Motions</u>.

(a)    <u>No Early Motions Without Leave</u>.  All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before _____.  No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court.  Reply briefs for any motions under Rule 56 shall be due on or before _____ [three months before the pretrial conference].  Should the parties later stipulate or otherwise request to have the reply brief deadline extended, the parties will lose their trial date upon

19

the Court's granting the extension, and no new trial date will be given until the dispositive motion(s) has(have) been decided.

(b)    <u>Motions to Be Filed Separately</u>.  A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c)    <u>Word Limits</u>.  Each party is permitted to file as many case dispositive motions as desired, provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs, regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs.  The text for each brief shall be 14-point and in Times New Roman or a similar typeface.  Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above.  The person who prepares the certification may

20

rely on the word count of the word-processing system used to prepare the brief.

(d)    <u>Ranking of Summary Judgment Motions</u>.  A party that files more than one summary judgment motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question.  The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on.  The Court will review the party's summary judgment motions in the order designated by the party.  If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further summary judgment motions filed by the party.

(e)    <u>Ranking of *Daubert* Motions</u>.  A party that files more than one *Daubert* motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question.  The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on.  The Court will review the party's *Daubert* motions in the order designated by the party.  If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further

*Daubert* motions filed by the party. If the Court denies a *Daubert* motion and the party that brought the motion does not cross examine the expert witness at trial about the matters raised in the *Daubert* motion, the Court will reduce by an appropriate amount the time allotted to that party at trial.

(f)    <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[1] A party must submit a separate concise statement of facts for each summary judgment motion. Any party that opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended that there exists a genuine issue necessary to be litigated.

(g)    <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are

---

[1] The party must detail each material *fact* in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

absolutely necessary for the Court to determine the limited issues presented

in the motion for summary judgment (and no others), and each reference

shall contain a citation to a particular affidavit, deposition, or other

document that supports the party's interpretation of the material fact.

Documents referenced in the concise statement may, but need not, be filed in

their entirety if a party concludes that the full context would be helpful to the

Court (e.g., a deposition miniscript with an index stating what pages may

contain key words may often be useful). The concise statement shall

particularly identify the page and portion of the page of the document

referenced. The document referred to shall have relevant portions

highlighted or otherwise emphasized. The parties may extract and highlight

the relevant portions of each referenced document, but they shall ensure that

enough of a document is attached to put the matter in context. If a party

determines that an entire deposition transcript should be submitted, the party

should consider whether a miniscript would be preferable to a full-size

transcript. If an entire transcript is submitted, the index of terms appearing

in the transcript must be included, if it exists. When multiple pages from a

single document are submitted, the pages shall be grouped in a single

exhibit. Concise statements of fact shall comply with paragraphs 10 and 14

of this Order.

23

(h)    <u>Word Limits for Concise Statement</u>.  The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words.  The text for each statement shall be 14-point and in Times New Roman or a similar typeface.  Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(i)    <u>Affidavits and Declarations</u>.  Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(j)    <u>Scope of Judicial Review</u>.  When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties.  Further, the Court shall have no independent duty to review exhibits in their entirety, but rather the Court will review only those portions of the exhibits specifically identified in the concise statements.  Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

24

21.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

22.    <u>Pretrial Conference</u>.  On _____, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at _____ _.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on _____ [21 days before the pretrial conference].  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  The joint pretrial order shall comply with paragraphs 10 and 14 of this Order.

23.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be

25

combined in a single three-page submission (and, for the moving parties, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 10 and 14 of this Order.

24. <u>Compendium of Cases</u>. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 14 of this Order.

25. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on

_____ [21 days before the pretrial conference]. The

parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

26.    <u>Trial</u>.  This matter is scheduled for a ___-day _____ trial beginning at 8:30 a.m. on _____, with the subsequent trial days beginning at 8:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

27.    <u>Willfulness and Damages</u>.  Unless otherwise agreed to by the parties and the Court, the trial will be phased such that the issues of willful infringement and damages will be tried only if there is a finding of infringement.

_____
The Honorable Colm F. Connolly
United States District Court Judge

*Revised April 18, 2022*

# **EXHIBIT A**

Counsel Shall Provide a Chart of All
Relevant Deadlines

| EVENT | DEADLINE |
|-------|----------|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

*Revised January 19, 2024*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| [PLAINTIFF], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 00-000-JLH |
| | ) | |
| [DEFENDANT], | ) | |
| | ) | |
| Defendant. | ) | |

## <u>SCHEDULING ORDER [PATENT]</u>

This ___ day of _____, 20___, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at <u>https://www.ded.uscourts.gov/default-standard-discovery</u> and is incorporated herein by reference.

2.    <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before _____, 20___.  Such motions must follow the provisions of Paragraphs 8(g) and 9.

3.    <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of

confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.    Papers and Proceedings Under Seal.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.    <u>Courtesy Copies.</u>  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6.    <u>ADR Process.</u>  Magistrate Judges will no longer engage in alternative dispute resolution in patent cases.  *See* District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

7.    [Eliminate this paragraph in ANDA cases] <u>Disclosures.</u>  Absent agreement among the parties, and approval of the Court:

(a)    By _____, 20___, Plaintiff[1] shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiff shall also produce the file history for each asserted patent.

(b)    By _____, 20___, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s).

(c)    By _____, 20___, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

---

[1] For purposes of this Scheduling Order, Plaintiff and Defendant are defined as set forth in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), ¶ 4.

(d)    By _____, 20___, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e)    By _____, 20___, Plaintiff shall provide final infringement contentions.

(f)    By _____, 20___, Defendant shall provide final invalidity contentions.

8.    <u>Discovery.</u>  Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

(a)    <u>Discovery Cut Off.</u>  All discovery in this case shall be initiated so that it will be completed on or before _____, 20___.

(b)    <u>Document Production.</u>  Document production shall be substantially complete by _____, 20___.

(c)    <u>Requests for Admission.</u>  A maximum of ___ requests for admission are permitted for each side.

(d)    <u>Interrogatories.</u>

i.    A maximum of ___ interrogatories, including contention interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

    (e)    <u>Depositions.</u>

        i.    <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of ___ hours of taking testimony by deposition upon oral examination.

        ii.    <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court.

    (f)    <u>Disclosure of Expert Testimony.</u>

        i.    <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before _____, 20___.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before _____, 20___.  Reply expert reports from the party with the initial burden of proof are due on or before _____, 20___.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.    <u>Expert Report Supplementation.</u>  The parties agree they [will]/[will not] permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

        iii.    <u>Objections to Expert Testimony.</u>

    [For ANDA cases] To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S.

579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than fourteen days after the close of expert discovery, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

[For non-ANDA cases] To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

    (g)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

i.    The following procedures will apply to discovery matters and protective order disputes unless and until such matters are referred to a Magistrate Judge (who may specify their own procedures). Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Judge Hall's section of the Court's website, in the "Forms" tab.

iii.    The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file

with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute.  On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

       iv.    Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one day of e-filing.  All courtesy copies shall be double-sided.

       v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

9.    <u>Motions to Amend / Motions to Strike.</u>

(a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g), above.

(b)    Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.  Any motion to strike shall attach the document sought to be stricken.

10.    <u>Technology Tutorials.</u>  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11. <u>Claim Construction Issue Identification.</u> On _____, 20___, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed two weeks prior to service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction.

12. <u>Claim Construction Briefing.</u> The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on _____, 20___. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on _____, 20___. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on _____, 20___. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on _____, 20___. No later than _____, 20___, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.    Agreed-Upon Constructions

II.   Disputed Constructions

     [TERM 1]

        1.    Plaintiff's Opening Position

      2.      Defendant's Answering Position

      3.      Plaintiff's Reply Position

      4.      Defendant's Sur-Reply Position

[TERM 2]

      1.      Plaintiff's Opening Position

      2.      Defendant's Answering Position

      3.      Plaintiff's Reply Position

      4.      Defendant's Sur-Reply Position

For each term in dispute, there should be a table setting forth the term in dispute and the parties' competing constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction. The parties' briefing must also explain how resolution of the dispute is relevant to an issue in the case. The parties need not include any general summaries of the law relating to claim construction. The parties shall include a joint appendix that contains a copy of the patent(s) at issue, all relevant intrinsic evidence, and any other evidence cited in the parties' briefing.

No earlier than _____, 20__ [no earlier than three weeks before the claim construction hearing and no later than one week before the claim construction hearing], Delaware and Lead counsel (*i.e.*, those attorneys that will be leading trial) for the parties shall meet and confer and file an amended Joint Claim Construction Chart that sets forth all agreed-upon constructions and all terms that remain in dispute. The meet and confer shall focus on an attempt to reach agreement on any remaining disputed terms where possible and to focus the dispute over the remaining terms in light of the Joint Claim Construction Brief. The amended Joint Claim Construction Chart shall be filed with a letter identifying by name each individual who participated

in the meet and confer, when and how that meet and confer occurred, and how long it lasted.  If no additional agreements on constructions were reached or if no dispute was narrowed, the letter shall so state.  The parties shall e-mail a copy of the amended Joint Claim Construction Chart in Microsoft Word format to jlh_civil@ded.uscourts.gov.

13.    <u>Hearing on Claim Construction.</u>  Beginning at _____ on _____, 20___, the Court will hear argument on claim construction.  The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court.  The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

14.    <u>Supplementation.</u>  Absent agreement among the parties, and approval of the Court, no later than _____, 20___, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

15.    <u>Interim Status Report.</u>  On _____, 20___, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.    <u>Case Dispositive Motions.</u>

[For ANDA Cases] Absent agreement between the parties, and prior approval from the

Court, the Court will not hear case dispositive motions in ANDA cases.

[For non-ANDA cases] (a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before _____, 20___ [calculated so that briefing is completed approximately four months prior to the pretrial conference].  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b)    <u>Concise Statement of Facts Requirement.</u>  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

(c)    The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

(d)    <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired, provided, however, that each *side* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs.  In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *side.* [2]

(e)    <u>Hearing.</u>  The Court will hear argument on all pending case dispositive and *Daubert* motions on _____, 20___ beginning at _____ [a date approximately two months prior to the requested pretrial conference date].  Unless otherwise ordered by the Court, each side will be allocated a total of forty-five minutes to present its argument on all pending motions.

17.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

---

[2] The parties must work together to ensure that the Court receives no more than a *total* of 250 pages (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

18. <u>Amendments to the Scheduling Order.</u>  Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

19. <u>IPRs/PGRs.</u>  Any party asserting a patent must file a "Notice of IPR/PGR Event" within seven days of any of the following actions taken on that patent: petition for *inter partes* review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision.  The Notice must list the action taken, the affected claims, the dates of any expected further action by the PTAB, and the status of all other pending IPRs/PGRs.

20. <u>Motions *in Limine*.</u>  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon.  Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21. <u>Pretrial Conference.</u>  On _____, 20___, the Court will hold a pretrial conference in Court with counsel beginning at _____.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the

13

joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents.  The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

22.    Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which should be submitted by e-mail to jlh_civil@ded.uscourts.gov.

23.    Trial.  This matter is scheduled for a ___[3] day [jury/bench] trial beginning at 9:30 a.m. on _____, 20___, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

24.    [Eliminate this paragraph in ANDA cases] Judgment on Verdict and Post-Trial Status Report.  Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time,

---

[3] Five days (*i.e.*, about ten to thirteen hours per side) is the presumptive length of a patent jury trial.  If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

25.    <u>Post-Trial Motions.</u>

[For ANDA cases] The parties should address the post-trial briefing schedule and page limits in the proposed final pretrial order.

[For non-ANDA cases] Unless otherwise ordered by the Court, all *sides* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

*Revised January 19, 2024*

[Counsel Shall Provide a Chart of All Relevant Deadlines]

| EVENT | DEADLINE |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| [PLAINTIFF], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 00-0000 (MN) |
| | ) | |
| [DEFENDANT], | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] SCHEDULING ORDER [PATENT, NON-ANDA]**

This _____ day of _____, 20____, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u>    Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within five (5) days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **[DATE]**.  Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3.    <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.    <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5.    <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6.    <u>ADR Process.</u>  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7.    <u>Disclosures.</u>  Absent agreement among the parties, and approval of the Court:

(a)    By **[DATE]**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b)    By **[DATE]**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(c)    By **[DATE]**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)    By **[DATE]**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e)    By **[DATE]**, Plaintiff shall provide final infringement contentions.

(f)    By **[DATE]**, Defendant shall provide final invalidity contentions.

8.    <u>Discovery.</u>  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a)    <u>Fact Discovery Cut Off.</u>  All fact discovery in this case shall be initiated so that it will be completed on or before **[DATE]**.

(b)    <u>Document Production.</u>  Document production shall be substantially complete by **[DATE]**.

(c)    <u>Requests for Admission.</u>  A maximum of ___ requests for admission are permitted for each side.

(d)    <u>Interrogatories.</u>

    i.    A maximum of ___ interrogatories, including contention interrogatories, are permitted for each side.

    ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)    <u>Depositions.</u>

    i.    <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of __ hours of taking testimony by deposition upon oral examination.

    ii.    <u>Location of Depositions.</u>    Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f)    <u>Disclosure of Expert Testimony.</u>

    i.    <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **[DATE]**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **[DATE]**.  Reply expert reports from the party with the initial burden of proof are due on or before **[DATE]**.  No other

expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.     <u>Expert Report Supplementation.</u>  The parties agree they **[will] [will not]** permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

        iii.     <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

        iv.     <u>Expert Discovery Cut-Off</u>.  All expert discovery in this case shall be initiated so that it will be completed on or before **[DATE]**.

        (g)     <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.     Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

        iii.     On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed

three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

          iv.     The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

          v.     Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9.     <u>Motions to Amend / Motions to Strike.</u>

(a)     Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

(b)     Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

10.     <u>Technology Tutorials.</u>  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11.     <u>Claim Construction Issue Identification.</u>  On **[DATE]**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent

to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted two weeks prior to service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

12.    <u>Claim Construction Briefing.</u>  The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **[DATE]**.  The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **[DATE]**.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **[DATE]**.  The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **[DATE]**.  No later than **[DATE]**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.  If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-Upon Constructions

II.     Disputed Constructions

[TERM 1]

1.      Plaintiff's Opening Position

2.      Defendant's Answering Position

3.      Plaintiff's Reply Position

4.      Defendant's Sur-Reply Position

[TERM 2]

1.      Plaintiff's Opening Position

2.      Defendant's Answering Position

3.      Plaintiff's Reply Position

4.      Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

13.     <u>Hearing on Claim Construction.</u>  Beginning at _____ on **[DATE]**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction

order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14.    <u>Supplementation.</u>  Absent agreement among the parties, and approval of the Court, no later than **[DATE]** the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

15.    <u>Case Dispositive Motions.</u>

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **[DATE]** [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing].  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b)    <u>Concise Statement of Facts Requirement.</u>  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the

record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)    <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired provided, however, that each **_SIDE_** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **_SIDE_**.[1]

---

[1]    The parties must work together to ensure that the Court receives no more than a _total_ of _250 pages_ (_i.e._, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and _Daubert_ motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

16.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.    <u>Motions *in Limine.*</u>  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.    <u>Pretrial Conference.</u>  On **[DATE]**, the Court will hold a pretrial conference in Court with counsel beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

19.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

20.    <u>Trial.</u>  This matter is scheduled for a ___ day jury trial beginning at 9:30 a.m. on **[DATE]**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21.    <u>Judgment on Verdict and Post-Trial Status Report.</u>  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22.    <u>Post-Trial Motions.</u>  Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
The Honorable Maryellen Noreika
United States District Judge

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| [PLAINTIFF], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 00-0000 (GBW) |
| | ) | |
| [DEFENDANT], | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] SCHEDULING ORDER [PATENT, NON-ANDA]

This _____ day of _____, 20____, the Court having conducted

an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the

parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>

Unless otherwise agreed to by the parties, the parties shall make their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5)

days of the date the Court enters this Order.  If they have not already done so, the

parties are to review the Court's Default Standard for Discovery, Including

Discovery of Electronically Stored Information ("ESI"), which is posted at

http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for

Discovery) and is incorporated herein by reference.

2.      <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before _____.  Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 4(g) and 5.

3.      <u>Disclosures.</u>  Absent agreement among the parties, and approval of the Court:

(a)      By _____, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiff shall also produce the file history for each asserted patent.

(b)      By _____, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s).

(c)      By _____, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d) By _____, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e) By _____, Plaintiff shall provide final infringement contentions.

(f) By _____, Defendant shall provide final invalidity contentions.

4. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

(a) <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before _____.

(b) <u>Document Production.</u> Document production shall be substantially complete by _____.

(c) <u>Requests for Admission.</u> A maximum of ___ requests for admission are permitted for each side.

(d) <u>Interrogatories.</u>

i. A maximum of ___ interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among

the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)    Depositions.

i.    Limitation on Hours for Deposition Discovery. Each side is limited to a total of __ hours of taking testimony by deposition upon oral examination.

ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f)    Disclosure of Expert Testimony.

i.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before _____. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another

party is due on or before _____.  Reply expert reports from the party with the

initial burden of proof are due on or before _____.  No other expert reports will be

permitted without either the consent of all parties or leave of the Court.  Along

with the submissions of the expert reports, the parties shall advise of the dates and

times of their experts' availability for deposition.

      ii.    <u>Objections to Expert Testimony.</u>  To the extent any

objection to expert testimony is made pursuant to the principles announced in

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as

incorporated in Federal Rule of Evidence 702, it shall be made by motion no later

than the deadline for dispositive motions set forth herein, unless otherwise ordered

by the Court.  Briefing on such motions is subject to the page limits set out in

connection with briefing of case dispositive motions.

      iii.    <u>Expert Discovery Cut-Off.</u>  All expert discovery in this

case shall be initiated so that it will be completed on or before _____.

      (g)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

      i.    Any discovery motion filed without first complying with

the following procedures will be denied without prejudice to renew pursuant to

these procedures.

      ii.    Should counsel find, after good faith efforts – including

verbal communications among Delaware and Lead Counsel for all parties to the

dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Williams:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

      iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the

application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

           iv.     Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

           v.     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    5.    <u>Motions to Amend.</u>

       (a)    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

       (b)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

       (c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

6.   <u>Motions to Strike.</u>

(a)   Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

(b)   Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

(c)   Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

7.   <u>Technology Tutorials.</u>  Unless otherwise ordered by the Court, the parties jointly shall provide the Court, no later than the date on which the Joint Claim Construction Chart is due, a tutorial on the technology at issue.  In that regard, the parties shall jointly submit to the Court an electronic tutorial of not more than thirty (30) minutes.  The tutorial should focus on the technology in issue and educate the Court about the same and should not be used for argument.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial ("mpeg", "quicktime", etc.).  The

parties may choose to file their tutorial under seal, subject to any protective order in effect.

8.    <u>Claim Construction Issue Identification.</u>  On or before _____, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  On or before _____, the parties shall respond to and provide their proposed construction for any term(s)/phrase(s) presented by the other side for which the party did not initially provide a construction.  These documents will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than _____.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to gbw_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing.</u>  Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on _____.  Defendant shall serve, but not file, its answering brief not to exceed 7,500 words, on _____.  Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on _____.  Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on _____.  No later than _____, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-Upon Constructions

II.   Disputed Constructions

[TERM 1]

    1.    Plaintiff's Opening Position

    2.    Defendant's Answering Position

    3.    Plaintiff's Reply Position

    4.    Defendant's Sur-Reply Position

[TERM 2]

    1.    Plaintiff's Opening Position

    2.    Defendant's Answering Position

    3.    Plaintiff's Reply Position

    4.    Defendant's Sur-Reply Position

If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

10.    <u>Hearing on Claim Construction.</u>  Beginning at ___ .m. on _____, the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

11.    <u>Interim Status Report.</u>    On _____, counsel shall submit a joint letter to the Court with an interim report of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

12.    <u>Supplementation.</u>  Absent agreement among the parties, and approval of the Court,

(a)    no later than _____ the patentee must finally supplement the identification of all accused products and serve final infringement contentions; and

(b)    no later than _____ the accused infringers must finally supplement the identification of all invalidity references and serve final invalidity contentions.

13.    <u>Case Dispositive Motions.</u>

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before _____ [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing]. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b)    <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and

shall be supported by specific citation(s) to the record.

       Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

       The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis.  Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

       (c)   <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired provided,

however, that each *SIDE* will be limited to a combined total of 40 pages for all

opening briefs, a combined total of 40 pages for all answering briefs, and a

combined total of 20 pages for all reply briefs regardless of the number of case

dispositive motions that are filed.  In the event that a party files, in addition to a

case dispositive motion, a Daubert motion to exclude or preclude all or any portion

of an expert's testimony, the total amount of pages permitted for all case

dispositive and Daubert motions shall be increased to 50 pages for all opening

briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each

*SIDE*.[1]

    (d)    <u>Ranking of Summary Judgment Motions.</u>  Any party that files

more than one summary judgment motion shall number each motion to indicate the

order in which the party wishes the Court to review its pending motions.  The first

motion the party wishes the Court to consider shall be designated #1, the second

motion shall be designated #2, and so on.  The Court will review the party's

summary judgment motions in the order designated by the party.  If the Court

decides to deny a motion filed by the party, barring exceptional reasons determined

---

[1]    The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

*sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

14.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16.    <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

17.    <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of filings (*i.e.*, briefs, appendices, exhibits, declarations, affidavits etc.).  Courtesy copies of appendices and exhibits should include hard tabs.  This provision also applies to papers filed under seal.

18.    <u>Motions *in Limine.*</u>  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19.    <u>Pretrial Conference.</u>  On _____, the Court will hold a pretrial conference in Court with counsel beginning at ___ .m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

20.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

21.    <u>Trial.</u> This matter is scheduled for a ___ day jury trial beginning at 9:30 a.m. on _____, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.    <u>Judgment on Verdict and Post-Trial Status Report.</u> Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

23.    <u>Post-Trial Motions.</u> Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

24.    <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
The Honorable Gregory B. Williams
United States District Judge

18

## Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |