IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBUS MEDICAL, INC., )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>LIFE SPINE, INC., )<br>)<br>  Defendant. ) | Case No. 1:21-CV-1445-JPM |

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MULTIPLE MOTIONS FOR SUMMARY JUDGMENT**

Before the Court is a Plaintiff Globus Medical, Inc.'s ("Plaintiff's" or "Globus'") Motion to Strike Defendant Life Spine, Inc.'s ("Defendant's" or "Life Spine's") Multiple Motions for Summary Judgment, filed on April 26, 2025. (ECF No. 240.)

Plaintiff moves the Court to strike Defendant's multiple motions for summary judgment ("MSJs") for failure to comply with the Local Rules. (Id. at PageID 8885.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

I.   **BACKGROUND**

   A.   **Factual Background**

This is an action for patent infringement of one or more of the claims of U.S. Patent Nos. 8,845,731 (the "'731 Patent"), 9,402,739 (the "'739 Patent"), and 10,925,752 (the "'752 Patent") (collectively, the "Asserted Patents"). (ECF No. 42 ¶ 21; ECF No. 198 at PageID 5136.)

1

The patents, products, and methods at issue in the instant action are intervertebral expandable implants, surgical systems, and methods used in spinal fusion procedures. (ECF No. 42 ¶¶ 8, 20.) Spinal fusion is a procedure in which adjacent vertebrae are fused together at an appropriate distance to treat painful conditions such as degenerative disc disease. (Id. ¶ 8.) To accomplish this fusion, an implant[1] is placed between spinal vertebrae to maintain proper spacing while bone grows between the vertebrae, fusing them into a single bone. (Id.) Implants may be made from bone harvested from the patient or from synthetic material. (Id. ¶ 9.) In the past, implants were of a fixed size and "hammered" into place. (Id. ¶ 10.) Expandable implants were later developed, which may be inserted into the intervertebral space in a contracted configuration, and then expanded after placement. (Id.) This process is less traumatic than hammering in a spacer of a fixed size and may be carried out using less invasive techniques. (Id. ¶¶ 10, 12.) Implants may be attached to vertebrae with different types of fasteners, including traditional screws or curved anchors. (Id. ¶¶ 13, 14.)

Plaintiff alleges Defendant's PROLIFT, PROLIFT Lateral, PROLIFT Lateral Fixated, PROLIFT Lateral Helo, and Dyna-Link Titanium implants (collectively, the "Accused Products") infringe one or more of the Asserted Patents. (Id. ¶¶ 38, 45.) Plaintiff also alleges the surgical methods used to install the accused products infringe one or more of the Asserted Patents. (Id. ¶ 46.)

**B.    Procedural Background**

On April 21, 2025, the Parties filed multiple case dispositive and Daubert motions. (See ECF Nos. 221, 224, 227, 229, 231, 233, 235.) Plaintiff filed one MSJ and one Daubert motion. (See ECF Nos. 221, 224.) Defendant filed four MSJs and one Daubert Motion. (See

---

[1] The Complaint uses the terms "spacer" and "implant" to refer to similar devices. (See ECF No. 42 ¶ 10)

ECF Nos. 227, 229, 231, 233, 235.)  Defendant's briefing on the four MSJs total 64 pages and approximately 17,000 words.  (See ECF Nos. 228, 230, 232, 234.)

On April 16, 2025, Plaintiff filed the instant Motion.  (ECF No. 240.)  On May 9, 2025, Defendant filed its Response.  (ECF No. 263.)

## II.    LEGAL STANDARD

"No opening or answering brief shall exceed 20 pages . . . exclusive of any table of contents or table of citations."  L.R. 7.1.3(b).[2]  The Court may strike a filing which fails to comply with the Local Rules.  See In re Joy Glob., Inc. f/k/a Harnischfeger Indus., Inc., No. CIV. 01-039-LPS, 2011 WL 5865542, at *1 (D. Del. Nov. 22, 2011) (citing L.R. 1.3(b)).

## III.   ANALYSIS

Plaintiff moves the Court to strike Defendant's four MSJs because the filings (1) do not comply with the Local Rules; (2) frustrate the purpose behind summary judgment; (3) are inefficient and unfair; and (4) invite abuse and confusion.  (ECF No. 240 at PageID 8887–90.)

Defendant argues striking the MSJs is not warranted because (1) filing multiple MSJs is standard practice in the District of Delaware; (2) its MSJs are not successive on the same issue, but rather address distinct issues and claims; and (3) there is no unfair prejudice.  (ECF No. 263 at PageID 12789–94.)

The Court is persuaded by Plaintiff's argument.  The Court, however, does not make its decision solely pursuant to the number of MSJs.  Indeed, multiple District of Delaware judges allow for multiple MSJs, but require other limitations, such as a total word or page count.  (See ECF No. 240-1 at PageID 8897–98, 8930 (In Chief Judge Connolly's Court, "[e]ach party is permitted to file as many case dispositive motions as desired, provided,

---

[2] The Local Rules do not make any exception for motions for summary judgment.

3

however, that each [side] will be limited to a combined total of 10,000 words for all opening briefs, . . . regardless of the number of case dispositive motions that are filed."); id. at PageID 8981 (In Judge Williams' Court, "[e]ach party is permitted to file as many case dispositive motions as desired[,] provided, however, that each [side] will be limited to a combined total of 40 pages for all opening briefs, . . . regardless of the number of case dispositive motions that are filed.")  Those judges that do not allow multiple MSJs, however, require the MSJ abide by the Local Rules.  (See id. at PageID 8949 (In Judge Hall's Court, "[b]riefing [on case dispositive motions] will be presented pursuant to the Court's Local Rules."); id. at PageID 8963 (same in Judge Noreika's Court).)

Regardless of the Court's approach, Defendant's MSJs are over any enumerated limit.  Defendant's MSJs measure at 64 pages of briefing—well over Judge Williams' limit of 40 combined pages or the Local Rules' limit of 20 pages.  (See ECF No. 240-1 at PageID 8930; ECF Nos. 228, 230, 232, 234.)  Furthermore, Defendant's MSJs total about 17,000 words—well over Chief Judge Connolly's limit of 10,000 combined words.  (See ECF No. 240-1 at PageID 8981; ECF Nos. 228, 230, 232, 234.)

The Court adopts Chief Judge Connolly's approach.  Defendant is thus limited to 10,000 words with no limit as to the amount of dispositive motions.  (See ECF No. 240-1 at PageID 8897–98, 8930.)  Defendant, however, is not required to rank its dispositive motions.  (See id.)

Furthermore, allowing Defendant's MSJs to stand would frustrate a chief purpose behind summary judgment—that is, "the elimination of waste of the time and resources of both litigants and the courts in cases where a trial would be a useless formality."  See Zweig v. Hearst Corp., 521 F.2d 1129, 1135–36 (9th Cir. 1975), abrogated on other grounds by

Hollinger v. Titan Cap. Corp., 914 F.2d 1564 (9th Cir. 1990). Defendant's MSJs force the Court to expend greater judicial resources in analyzing arguments that go beyond what may involve a genuine issue of material fact.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion is **GRANTED**. The Court **STRIKES** Defendant's four pending MSJs. (See ECF Nos. 227, 229, 231, 233.) Defendant is granted 10,000 words for its dispositive motions. Defendant has up to and through **May 27, 2025**, to file its updated motions.[3] Plaintiff shall have one week to respond to Defendant's updated motion(s).[4] deadline to respond to Defendant's updated motion shall run from the date of Defendant's filing of the updated motion.

**SO ORDERED**, this the 13th day of May, 2025.

                                              /s/ Jon P. McCalla
                                              JON P. McCALLA
                                              UNITED STATES DISTRICT JUDGE

---

[3] Defendant may re-file its original MSJs up to the 10,000 word limit.
[4] Plaintiff has already responded to Defendant's four MSJs. (See ECF Nos. 255–57, 259.) The Court will not strike Plaintiff's answering briefs, but Plaintiff is required to resubmit new answer brief(s) which correspond to Defendant's updated motions. Plaintiff will also have 10,000 words for its answering briefs. (See ECF No. 240-1 at PageID 8930.)